(91 Misc. Rep. 41)
### LEVY v. JOHN C. DETTRA & CO., Inc.

(Supreme Court, Appellate Term, First Department.   June 28, 1915.)

1. SALES ☞150—DELIVERY—TIME.
   Where a buyer, after orally purchasing lumber, returned to his place of business and sent a written order containing instructions to ship at once, and the lumber within two days thereafter was loaded and directed to be sent to him, the delivery was timely.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 350, 351, 354–356; Dec. Dig. ☞150.]

2. SALES ☞62—ENTIRE OR SEVERALTY CONTRACT—PARTIAL ACCEPTANCE.
   Where lumber lay in two piles, and defendant bought them on the same day for one price, to be delivered together and shipped at once, there was a single transaction, whereby the lumber was sold in its entirety.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 171–179; Dec. Dig. ☞62.]

3. SALES ☞62—ACCEPTANCE IN PART.
   Where a contract for the sale of lumber was entire, the buyer could not accept a part and reject the remainder, without an agreement to that effect.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 171–179; Dec. Dig. ☞62.]

4. SALES ☞129—BREACH OF WARRANTY—RESCISSION.
   On breach of warranty that the lumber delivered should not contain any unfit or unmerchantable lumber, the buyer, after accepting a part of it, had no right to a partial rescission.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. § 295; Dec. Dig. ☞129.]

5. SALES ☞288—BREACH OF WARRANTY—CLAIM FOR DAMAGES.
   Such acceptance did not bar the buyer's counterclaim for damages.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 817–823; Dec. Dig. ☞288.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Isaac B. Levy against John C. Dettra & Co., Incorporated. Judgment for plaintiff and against defendant for $138.07, and plaintiff appeals. Reversed, and new trial ordered.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

Robert Seelav, of New York City, for appellant.
Harlan Moore, of New York City (Henry Waldman, of New York City, of counsel), for respondent.

LEHMAN, J.   Plaintiff sued to recover $500, the value of two lots of lumber claimed to have been sold and delivered to the defendant at the agreed price of $18 a thousand feet. The plaintiff objects to the amount of the judgment upon the ground that it is insufficient. The two lots of lumber contained 36,480 feet of beech, birch, and maple, making a total of $663.12. The plaintiff charged off the freight, which left a balance due of $500, for which sum he asked judgment.

Plaintiff claims that, when he examined the lumber at defendant's location in Vermont, he saw portions of the lumber were not merchantable, and unfit for his purposes, which was the manufacture of flag poles. He further asserts that, at the time the oral agreement for the sale was made, he pointed out some unmerchantable and unfit lumber, and defendant agreed to extract the bad and ship only the good. The defendant denies this, and claims that the lumber was sold as it lay; that the lumber was worth more, but that the price of $18 was agreed upon only because a small part of the lumber was not perfect. In evidence is the following order sent by defendant to plaintiff in confirmation of the oral agreement:

Order.

John C. Dettra & Co.
Oaks, (Mont. Co.) Pa.                                                     6/2/1914.
Order placed with I. B. Levy.
Ship via P. & R., f. o. b. Oaks.    Terms 2/10   N/A.O.
Car load lots must invariably be consigned to our siding via P. & R. Ry.
When to ship—At once.   Our No.—.   This number must appear on your invoice.
Lot 7/8 Beech, Birch, and Maple.........................$18.00 delivered
  " 1½–2   "        "            "      ..........................  18.00       "
    Confirmation of verbal order for 2 lots lying at W. Rupert siding, Vt.
    O. K.        J.C.D.

Defendant received the first car load, examined contents, and laid aside 2,500 feet, for which he refused to pay. He was willing to pay for the lumber he accepted and used. It is for the price of the lumber accepted and used that judgment was awarded the plaintiff. The defendant, after receiving the first car load, wrote to plaintiff and stated that the lumber was not suitable for his purpose, that it was worth only $10 a thousand feet, and expressed a willingness to do business upon that basis. He also ordered plaintiff not to ship the other car load, and claimed that the deliveries were made too late for his purposes. At that time the other car was in transit. When the second car arrived, defendant examined the lumber on top to a depth of two feet and rejected the car upon the ground that it was delivered to him too late for the 4th of July market, and that the lumber was not suitable for the purpose for which he had bought it. He further claimed the lumber was unmerchantable and presented a counterclaim for $200. Upon the trial the counterclaim seems to have been disregarded.

[1] The defendant, after making the oral agreement to buy the lumber, returned to his place of business in Pennsylvania, and sent the written order; and within two days thereafter the lumber was loaded and directed to be sent to defendant. From these facts it is evident that the plaintiff was neither indifferent nor remiss in executing the order. As to whether delivery is timely or not, every case stands upon its own facts. In the case of Robinson v. American Locomotive Co., 56 Misc. Rep. 589, 107 N. Y. Supp. 69, an order was rendered to the seller on November 19th and delivery made on December 29th. This was held to be delivery in sufficient time. In the case at bar the shipping instructions on the order were, "Ship at

once;" and this it appears the plaintiff did. There was no guaranty that delivery would be made by a given date.

[2] The case turns on whether or not the contract was entire or severable. The undisputed facts are that the lumber lay in two piles at West Rupert, in Vermont; that defendant bought them on the same day, for one price, to be delivered together, "shipped at once." The sale was a single transaction, and the lumber sold in its entirety. It is clear that the intention of the parties did not contemplate that the contract was in any way severable.

[3] Since the contract is entire, the defendant cannot be permitted to accept part and reject the remainder, unless there was an agreement to this effect. Such an agreement has not and cannot be spun out from the facts presented.

[4, 5] Even if the defendant's story be accepted as true, it shows at most only a warranty that the goods delivered shall not contain any unfit or unmerchantable lumber. Since the defendant has accepted a part of the lumber, the breach of this warranty can give rise to no right of partial rescission, but such acceptance does not bar a counterclaim for damages. In this case there is, however, no proof of such damages.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.